[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 8, 1995 Date of Application September 11, 1995 Date Application Filed September 14, 1995 Date of Decision May 29, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New Britain, at Hartford.
Docket No. CR93-140366;
Paula J. Waite, Esq., Defense Counsel, for Petitioner.
Stephen Preleski, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was 23 years of age at the time of sentencing, was convicted following a jury trial, of Manslaughter, 2nd degree, in violation of Connecticut General Statutes § 53a-56 (a). She was sentenced to a term of ten years-the maximum penalty for the crime.
On May 24, 1993, following an argument with another woman, the petitioner stabbed the victim who died as a result of knife wounds to her lungs and heart. There was evidence that the victim, a young mother herself and an employee of the United States Postal Service, was unarmed.
The petitioner has no prior record and has two children of her own, presently ages eight and four. Her attorney asks the Division to reduce the sentence in order to facilitate the petitioner's entry into a transitional release program which, if the sentence stands will not be available for another year. She points out that the argument took place at the petitioner's residence, that alcohol was being consumed by those present CT Page 4125-F leading to a loss of self control.
In her remarks to the Division, Ms. Harvey stated she has matured and the separation from her children is having a negative impact on them.
The State's Attorney points out that the sentencing Court was aware of all of the factors pointed out by defense counsel, including the petitioner's tumultuous childhood.
The pre-sentence report cogently states that, because of the serious nature of the crime, the Court has few options other than a significant incarceration.
The sentencing Court had the opportunity to observe the defendant during the trial and had the benefit of the pre-sentence report. It is apparent the Court carefully weighed the purposes for a sentence, which include deterrence, rehabilitation and denunciation. The Court pointed out this was an uncalled for killing of an unarmed victim during an irresponsible drinking bout. The petitioner, although separated from her children, has caused it by her own hand. The victim's child is permanently and needlessly left motherless.
Considering all the factors set forth for reviewing a sentence (P.B. § 942), and the reasonable discretion of the sentencing Court, the Division finds the sentence is neither unreasonable nor disproportionate. It is affirmed.
Klaczak, J.
Purtill, J.
Stanley, J.
Purtill, Klaczak and Stanley, J.s, participated in this decision.